# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWIN EMANUEL BONNETTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2419** |
| **V.J. ST. PIERRE, JR., ST. CHARLES PARISH PRESIDENT, ET AL.** | **SECTION "N"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Edwin Emanuel Bonnette, a state prisoner, filed this civil action against St. Charles Parish President V.J. St. Pierre, Jr., St. Charles Parish Sheriff Greg Champagne, and Warden Major John Nowak pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff stated his claim as follows:

> I am an inmate at Nelson Coleman Correctional Center at the time that Hurricane Isaac was approaching the coast of Louisiana. On August 27, 2012 St. Charles Parish President V.J. St. Pierre call for a mandatory evacuation of the Parish. Because of a fear of widespread flooding especially on the west bank of the parish, which is where the parish jail is located. As such Sheriff Greg Champagne and Warden John Nowak should have made provisions to have myself and other D.O.C. inmates removed from this facility and house at another location out of the path of this storm, which should have been done as other parishes, such as Orleans and St. Bernard did with its inmates.[1]

In his prayer for relief, plaintiff states:

> I am in fear for my safety in this facility and ask to be transferred back to the facility where I was being held at before, and to have a emotional security of not having to endure another storm in a place without electricity or ventilation, and to be compensated monetarily for pain + suffering.[2]

---

[1] Rec. Doc. 1, p. 5.

[2] Rec. Doc. 1, p. 5.

To better understand the factual basis of plaintiff's claims, the Court held a Spears hearing on November 1, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At the Spears hearing, plaintiff testified that he sustained no physical injuries as a result of the failure to evacuate him for the hurricane; however, he stated that he experienced emotional injuries from the lack of power and "air" for the week after the storm. He further stated that he had been through similar trauma in another jail during Hurricane Katrina.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[3] the

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As an initial matter, the Court notes that plaintiff's request that he be transferred from the Nelson Coleman Correctional Center is now moot. Shortly after filing this complaint, he was in fact transferred to the Orleans Parish Prison system.[4]

Plaintiff also is not entitled to the only other form of relief requested, i.e. an award of compensatory damages. At the Spears hearing, plaintiff testified that he sustained no physical injury as a result of the failure to evacuate him for the hurricane. Accordingly, federal law bars him from recovering compensatory damages for any emotional injuries he may have suffered. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see, e.g., Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought,

---

[4] Rec. Doc. 4. Moreover, in any event, this Court would have lacked authority to grant that form of relief, because placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).

and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this eighteenth day of December, 2012.

*signature*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.